UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ELMER A. PORTILLO,              )
        Plaintiff,              )
                               )
        v.                     )    Civil Action No. 1:13cv00001
                               )
AURORA BANK FSB, et al.,       )
        Defendants.            )
                               )

## REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiff's failure to attend the initial pretrial conference (Dkt. 10) and plaintiff's failure to appear at the show cause hearing on March 8, 2013. At the show cause hearing held on March 8, 2013, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.

## I.    PROCEDURAL HISTORY

Defendants removed plaintiff's Complaint from Fairfax County Circuit Court on January 1, 2013. (Dkt. 1.) Plaintiff had originally filed his Complaint in Fairfax County asserting violations of the Fair Debt Collection Practices Act. (Compl. ¶¶ 23-25 (Dkt. 1-1).) Plaintiff further seeks to quiet title claims, and plaintiff asserts claims of fraud and conspiracy. (Id. ¶¶ 28-41.)

Defendants filed a Motion to Dismiss for Failure to State a Claim on January 7, 2013. (Dkt. 4.) District Judge Ellis then

issued a Scheduling Order which set the initial pretrial conference for February 6, 2013, the discovery cut-off date for April 12, 2013, and the final pretrial conference for April 18, 2013. (Dkt. 8.) Judge Ellis also ordered that the parties submit discovery plans by the Wednesday occurring one week before the initial pretrial conference. (Id.) Plaintiff did not file a discovery plan and did not appear at the February 6, 2013 initial pretrial conference. (Dkt. 10.) Following the pretrial conference, the undersigned issued an order that approved defendants' discovery plan and bound plaintiff by the plan. (Dkt. 11.)

After plaintiff failed to appear at the initial pretrial conference, the undersigned ordered plaintiff to show cause at 10:00 a.m. on March 8, 2013 as to why plaintiff should not be held in contempt. (Dkt. 13.) On March 8, 2013, plaintiff failed to appear at his Show Cause hearing.

## II.  ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides that an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b) (West 2012). "A district court may dismiss an action for lack of prosecution, either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion." Bush v. Adams, 2010 U.S. Dist. LEXIS 27991 (E.D. Va.

2

Mar. 24, 2010) (quoting <u>McCargo v. Hedrick</u>, 545 F.2d 393, 396 (4th Cir. 1976)(internal quotes omitted)). In addition to the authorization provided by Fed. R. Civ. P. 41(b), a District Court retains an "inherent power" to dismiss for failure to prosecute. <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962).

In the instant case, the undersigned finds that plaintiff has failed to prosecute his action by (1) failing to obey the January 15, 2013 Scheduling Order when plaintiff failed to appear at the initial pretrial conference (Dkt. 10) and (2) failing to appear at his hearing to show cause why he should not be held in contempt.

The undersigned recommends that plaintiff's complaint be dismissed with prejudice. Four factors must be examined to determine whether the harsh sanction of dismissal with prejudice is required. <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919, 921 (4th Cir. 1982). To consider a dismissal with prejudice the Court must consider: (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of "a drawn out history of deliberately proceeding in a dilatory fashion," and (4) the existence of a sanction less drastic than dismissal. <u>Id.</u> at 920 (quoting <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978)).

In the instant case, the entire responsibility rested with plaintiff as a *pro se* complainant. Furthermore, defendants were

prejudiced by the time and costs spent litigating a case against a plaintiff who failed to appear and obey court orders. Plaintiff also showed a history of ignoring required appearances by failing to appear for the initial pretrial conference and failing to appear at his show cause hearing. (Dkt. 10.) Finally, a sanction less drastic than dismissal will not remedy plaintiff's pattern of avoiding court appearances and plaintiff's failure to obey court orders. Therefore, the undersigned recommends that plaintiff's complaint should be dismissed with prejudice.

### III. <u>RECOMMENDATION</u>

For the reasons outlined above, the undersigned recommends that the plaintiff's Complaint against defendant Aurora Bank FSB and defendant Mortgage Electronic Registration Systems, Inc. be dismissed for failure to prosecute and failure to comply with court orders.

## IV. <u>NOTICE</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to plaintiff at the following address:

7251 Beverly Park Drive
Springfield, VA 22150


      /s/
_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

March 8, 2013
Alexandria, Virginia